FILED

**NOT FOR PUBLICATION**

FEB 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE GARCIA, JR., | No. 13-55464 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00942-PA-FMO |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 12, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[**] Senior
District Judge.

In this Federal Tort Claims Act action, Plaintiff George Garcia, Jr., claims

that the United States was negligent when it failed to post speed limit signs along a

certain roadway pursuant to a 1987 Bureau of Land Management Recreation Area

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Donald W. Molloy, Senior United States District Judge
for the District of Montana, sitting by designation.

Management Plan ("RAMP") for the Imperial Sand Dunes Recreation Area.  In 2009, Plaintiff was riding his off-road motorcycle across that roadway when he was seriously injured by a speeding dune buggy.  The district court granted the government's motion for summary judgment, holding that the action was barred by (1) the discretionary function exception to the Federal Tort Claims Act and (2) the primary assumption of risk doctrine under California law.  Reviewing de novo, we reverse and remand.  Oswalt v. Resolute Indus., Inc., 642 F.3d 856, 859 (9th Cir. 2011).

1.  The government's failure to post any 15 MPH signs along the sand highways in the Imperial Sand Dunes Recreation Area is not a policy choice protected by the discretionary function exception.  The government made an express policy decision in the RAMP to post the speed limit signs along the sand highways.  See Berkovitz ex rel. Berkovitz v. United States, 486 U.S. 531, 536 (1988) (holding that there is no choice to be protected by the discretionary function exception when a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow").  Although carrying out the RAMP's directives was contingent on funding priorities, the record contains no evidence that this was the government's reason for failing to post any signs.  See Marlys Bear Med. v. U.S. ex rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1216 (9th Cir.

2001) ("There must be reasonable support in the record for a court to find, without imposing its own conjecture, that a decision was policy-based or susceptible to policy analysis.").  The government retained some discretion as to how to post the 15 MPH signs, but its failure to post any such signs is not a protected exercise of discretion.  See Navarette v. United States, 500 F.3d 914, 918 (9th Cir. 2007) (holding that, even though the government "retained discretion as to how to mark or fence drop-offs," it did not "retain[] discretion whether to do so").

2.  The district court erred when it held that Plaintiff assumed the risk of off-roading as a matter of law, because a genuine issue of material fact remains as to whether Garcia was engaged in off-roading at the time of the accident.  On the one hand, he was riding an off-road vehicle and performing a "wheelie" on an unpaved area of sand.  On the other hand, he had not yet reached the recreational dunes area. This issue cannot be decided as a matter of law.

3.  We find no other preserved ground in the record to support affirmance.

REVERSED and REMANDED.